CUZNER CONSTRUCTION COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

## Claim No. 17409.

Court of Claims, November, 1923.

Claims against state — highway construction contract — claimant entitled to damages where state failed to provide proper foundation course — state liable for extra work performed and materials furnished.

Upon the hearing of a claim for damages for breach of a state highway contract, one item was for work performed by claimant in tearing out a portion of the foundation course which had become rutted during the progress of the work and in relaying the same. The claimant established that the foundation of the roadway having quicksand and clay in it was not suitable for the roadway and that the work claimed for was performed strictly in accordance with the plans and specifications approved by the engineer in charge for the state. *Held,* that the evidence showing that the condition of the foundation course was due to the failure of the state to provide extra sub-base for the proper, efficient and effective protection of the foundation course, claimant was entitled to recover damages in the amount agreed upon.

The contract called for the use of No. 2 and No. 4 stone in truing up the foundation course but claimant was prevented by the state commission of highways from using this stone and compelled under protest to place upon the roadway small quarry stone not provided for in the contract, and then afterwards to place the No. 2 and No. 4 stone above the same. *Held,* that such action of the state was a breach of the contract and that claimant was entitled to recover for this item of damage in the amount agreed upon, and an award in the amount of both items is allowed.

CLAIM for damages for breach of highway contract.

*McClung & Rose,* for claimant.

*Henry P. Nevins,* deputy attorney-general, for State of New York.

Morschauser, J.   The claimant presents a claim asking $6,670 damages against the state.   The claimant alleges that there was assigned to him a contract with the state for the completion of a highway known as the Oneida Lake-South Bay; Oneida-South Bay No. 2 Road No. 1361, located in the county of Madison, N. Y.

Upon the trial the claimant gave evidence as to two items: One, the amount of damages agreed upon as $993.80; and the other item, the damages agreed upon as $609.10.   But there was no assumption of liability on the part of the state, but only the amount of damages, if the claimant was entitled to recover, was agreed upon.

The first item consisted of damages that the claimant sustained for work performed by it in tearing out a portion of the foundation course which had become rutted during the progress of the work and relaying the same.

The second item was for No. 2 and No. 4 stone which had been placed on top of the road in a different manner than provided for by the contract.

It appeared from the evidence that the work called for under the plans and specifications for the first item was performed strictly in accordance with the plans and specifications approved by the engineer in charge for the state.   It also appeared that the engineer's attention was called to the fact that this work, which was on Ames Flats, was placed upon a location where the land and roadway had quicksand and clay contained in its makeup, and did not have a suitable foundation for the work that the plans and specifications called for to be placed upon this road.

After the road was constructed, the engineer ordered the claimant to reconstruct it, claiming that the roadway was not properly constructed, and was rutty, caused by the fact that the claimant drove over the same with heavy loads.

The claimant established upon the trial that the foundation of this roadway had quicksand and clay in it, and was not suitable for the roadway.

We do not think that the conditions were caused by the claimant driving over the roadway, but by reason of the fact that the roadway was constructed and built upon a piece of road that had quicksand and clay upon it; and the work of reconstruction was necessary to be done to make a perfect job.   This the claimant did at the direction of the engineer.   The condition of the foundation course on Ames Flats, in our opinion, was due to the failure of the state to provide extra subbase for the proper, efficient and effective protection to the foundation course.   And the claimant is entitled to recover the damages agreed upon, namely, the sum of $993.80.

45

As to the second item: The contract required the claimant to use No. 2 and No. 4 stone. It provided that five cubic yards per 100 lineal feet of No. 2 and No. 4 stone should be used for truing up the foundation course. When such foundation course was about to be constructed, the state commission of highways, through its duly authorized officers and engineers, refused to permit the claimant to use No. 2 and No. 4 stone for truing up the foundation course, and compelled the claimant to use small quarry stone in place thereof. This was done under protest of claimant. After the foundation course was completed, and claimant began to construct the top course, the state discovered its error in refusing to allow claimant to use the No. 2 and No. 4 stone at the time of the building of the foundation course, and then compelled claimant to use a sufficient quantity of No. 2 and No. 4 stone to place the foundation course in proper condition to receive the top course.

This was done by claimant at an additional cost and expense of $609.10, which the state during the trial stipulated was the true measure of damages, provided the court found that such act of the state officers constituted a breach of the contract.

The contract, section 4, provides that any increase in quantities, or extra work performed, or extra material furnished shall be covered by a supplemental contract as provided in chapter 30 of the Laws of 1909 and the amendments thereto; and that no claim will be made by the contractor for any such item performed or furnished before such supplemental contract shall have been approved by the comptroller of the state of New York and executed by the commissioner of highways, as provided by chapter 342 of the Laws of 1913 and amendments thereto.

We do not think that this was a case where there was any increase in quantity, or extra work performed, or extra material furnished. The claimant's contract called for the placing of No. 2 and No. 4 stone. It was prevented from so doing and compelled to place small quarry stone upon the roadway first which was not provided for in its contract, and then afterwards to place the No. 2 and No. 4 stone above the same.

We think that this was a breach of the contract, and that the claimant is entitled to recover.

The claimant, therefore, is allowed the two items, one of $993.80, and the other of $609.10, making a total of $1,602.90.

Ackerson, P. J., concurs.

Judgment accordingly.